```
 1  JOHN S. LEONARDO
    United States Attorney
 2  District of Arizona
    CRAIG H. RUSSELL
 3  MATTHEW G. ELTRINGHAM
    Assistant U.S. Attorneys
 4  United States Courthouse
    405 W. Congress Street, Suite 4800
 5  Tucson, Arizona 85701
    Telephone: 520-620-7300
 6  craig.russell2@usdoj.gov
    matthew.eltringham@usdoj.gov
 7  Attorneys for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR |
|---|---|
| Plaintiff, | INDICTMENT |
| vs. | Violations: |
| 1. Majdi Khaleq,<br>a.k.a. "Mike,<br>(Counts 1, 2, 3, 4, 5), | 21 U.S.C. §846<br>(Conspiracy to commit Possession with Intent to Distribute)<br>Count 1 |
| 2. Naji Abdalkhaleq,<br>a.k.a. "JJ"<br>a.k.a. "Haj"<br>(Counts 1, 2, 3, 5), | 21 U.S.C. §841<br>(Possession with Intent to Distribute)<br>Count 2 |
| 3. ███████████ | 18 U.S.C. §1349<br>(Conspiracy to Commit Mail Fraud)<br>Count 3 |
| Defendants. | 18 U.S.C. §1341<br>(Mail Fraud)<br>Count 4 |
| | 18 U.S.C. § 371<br>(Conspiracy to commit Interstate and Foreign Travel or Transportation in aid of Racketeering Enterprises)<br>Count 5 |
| | Forfeiture |
| | **(UNDER SEAL)** |

**THE GRAND JURY CHARGES:**

## COUNT 1
**Conspiracy to Possess With Intent to Distribute a Controlled Substance**
**21 U.S.C. § 846**

1. From a time unknown, but specifically from about January 2015, and continuing through the date of this indictment, occurring in California, Colorado and in or near Tucson, in the District of Arizona, Majdi Khaleq, Naji Abdalkhaleq, and ███ ███ did knowingly and intentionally combine, conspire, confederate and agree with each other and other persons known and unknown to the grand jury, to possess with intent to distribute synthetic cannabinoids that contained compounds known as AB-PINACA, AB-CHMINACA, UR-144, XLR-11, all Schedule I controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT 2
**Possession with intent to distribute a controlled substance**
**21 U.S.C. § 841**

2. On or about September 28, 2015, occurring in California and at or near Phoenix, in the District of Arizona, ███████████ did knowingly and intentionally aid and abet the possession with intent to distribute synthetic cannabinoids that contained a compound known as AB CHMINACA, a Schedule I controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 3
**Conspiracy to commit Mail Fraud**
**18 U.S.C. § 1349**

3. Beginning in or about January 2015, and continuing through the date of this indictment, occurring in California, Colorado and in or near Tucson, in the District of Arizona, the defendants, Majdi Khaleq, Naji Abdalkhaleq, ███████ ███ and others known and unknown to the Grand Jury, knowingly and intentionally conspired to commit Mail Fraud in violation of Title 18, United States Code, Section 1341, that is, the defendants conspired to devise a scheme and artifice to defraud the Food and

Drug Administration ("FDA"), defraud the public, and to obtain money by means of materially false and fraudulent pretenses and representations, that is false pretenses and representations that "Toxic," "7H," and "Virus" and other synthetic cannabinoid products were "incense" or "potpourri" and "not for human consumption," when in truth and fact these substances were synthetic cannabinoids that contained controlled substances and controlled substance analogues, that were intended for human consumption as a drug, and for purpose of executing such scheme and artifice, to mail synthetic cannabinoid products to be sent to be delivered by commercial interstate carrier, all contrary to the provisions of Title 18, United States Code, Section 1341.

4. *Object of the Conspiracy:* It was the object of the conspiracy that the defendants, with persons known and unknown to the Grand Jury, having devised and intending to devise a scheme and artifice to defraud the Food and Drug Administration, defraud the public, and to obtain money by means of materially false and fraudulent pretenses and representations related to the distribution of synthetic cannabinoids listed above along with the proceeds derived from the sale of those synthetic cannabinoids.

5. *Manner and Means of the Conspiracy, and Scheme to Defraud*: The manner and means by which the defendants and other co-conspirators known and unknown to the Grand Jury sought to accomplish the objects of the conspiracy included, among others, the following:

   a. The defendants, Naji Abdalkhaleq and Majdi Khaleq, reside in, or near, Denver Colorado. From this area they coordinate the distribution of synthetic cannabinoids from an associated warehouse located in the greater Los Angeles, California, area.

   b. The defendants are the source of supply of synthetic cannabinoids for at least three organizations which distribute the synthetic cannabinoids in or about Tucson, Arizona.

   c. The defendants will communicate with the distribution cells, in or about Tucson regarding the additional need for synthetic cannabinoids along with the cost to purchase the specific quantity.

      d.     Prior to September 2015, either Naji Abdalkhaleq and/or Majdi Khaleq would travel to Tucson, Arizona, to collect the proceeds of the sale of the synthetic cannabinoids and/or the purchase price of the synthetic cannabinoids. After September 2015, the organizations requesting additional synthetic cannabinoids were required to travel to Los Angeles in order to purchase the synthetic cannabinoids.

      e.     Once the defendants determine the amount of synthetic cannabinoid needed, they coordinate with ▮▮▮▮▮ who resides in or near Los Angeles California. ▮▮▮▮▮ will then meet with organization(s) who are purchasing the synthetic cannabinoids. The meetings typically take place in the greater Los Angeles area. During the meetings, ▮▮▮▮▮ will be on the phone with either Naji Abdalkhaleq or Majdi Khaleq to confirm with whom she is meeting. Once it is confirmed, ▮▮▮▮▮ will hand the other individual a box, or bag, containing multiple individual packets of the ordered synthetic cannabinoid, in exchange for the agreed upon purchase price.

      f.     There are also instances where the synthetic cannabinoid packets were placed in boxes and shipped via FedEx, United Parcel Service ("UPS") and/or another shipping corporation. Those packages all originated from the greater Los Angeles area and were shipped to either residences or businesses in Tucson, all of which are associated with the distribution of synthetic cannabinoids.

      g.     All of the packets, whether shipped or received in person, were labeled either, "incense," "potpourri," and/or "not for human consumption." Despite these labels, it was clear that these items were specifically not incense, potpourri, and were intended for human consumption.

6.     During the time period of the conspiracy, the defendants' fraudulent conduct caused losses to the FDA and the public.

All in violation of Title 18 United States Code, Section 1349.

## COUNT 4
## Mail Fraud
## 18 U.S.C. § 1341

7. Beginning in or about January 2015, and continuing through the date of this indictment, occurring in California, Colorado and in or near Tucson, in the District of Arizona, Majdi Khaleq and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ aided one another and persons known and unknown to the Grand Jury, knowingly and intentionally and with the intent to defraud, executed and attempted to execute a scheme and artifice defraud the Food and Drug Administration, defraud the public, and to obtain money by means of materially false and fraudulent pretenses and representations, that is false pretenses and representations that "Toxic," "7H," "Klimax," "Virus" and other synthetic cannabinoid products were "incense" "potpourri" or "not for human consumption," when in truth and fact these substances were synthetic cannabinoids that contained controlled substances and controlled substance analogues, that were intended for human consumption as a drug, and for purpose of executing such scheme and artifice, to mail synthetic cannabinoid products to be sent to delivered by commercial interstate carrier, all contrary to the provisions of Title 18, United States Code, Section 1341.

All in violation of Title 18, United States Code, Sections 1341.

## COUNT 5
## Conspiracy to commit Interstate and Foreign Travel or Transportation in aid of Racketeering Enterprises
## 18 U.S.C. § 1952

8. Beginning in or about January 2015, and continuing through the date of this indictment, occurring in California, Colorado and in or near Tucson, in the District of Arizona at or near Tucson, in the District of Arizona, the defendants, Majdi Khaleq, Naji Abdalkhaleq, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and others known and unknown to the Grand Jury, knowingly and intentionally conspired to commit Interstate and Foreign Travel or Transportation in aid of Racketeering Enterprises.

9. *Object of the Conspiracy:* It was the object of the conspiracy that the defendants, with persons known and unknown to the Grand Jury, caused interstate travel and/or the use of the mail and/or any other facility in interstate commerce with the intent to otherwise promote, manage, carry on, or facilitated in the promotion, management, and/or carrying on of the distribution of synthetic cannabinoids and the proceeds derived therefrom.

10. *Manner and Means of the Conspiracy, and Scheme to Defraud*: The manner and means by which the defendants and other co-conspirators known and unknown to the Grand Jury sought to accomplish the objects of the conspiracy included, among others, the following:

   a. Paragraph 5, *supra*, is incorporated herein in its entirety and is re-alleged as if fully set forth herein.

   b. Prior to September 2015, the defendants, Naji Abdalkhaleq and/or Majdi Khaleq, would travel from the Denver, Colorado area to Tucson, Arizona to collect the proceeds and/or payment for the purchase of the synthetic cannabinoids.

   c. After September 2015, the defendants required the other organizations to send a member to conduct the transactions with ▇▇▇▇▇ in the greater Los Angeles California area.

   d. Upon completion of the synthetic cannabinoid transaction, members of the resupplied organization would then travel from Los Angeles, California, back to in or about Tucson Arizona.

   e. There were other instances where boxes containing the synthetic cannabinoids were transported from California to in or near Tucson, Arizona. One specific instance was on September 28, 2015, ▇▇▇▇▇ met with individuals in Los Angeles, California, where they money was exchanged for a box containing approximately 4,000 packets of synthetic cannabinoids labeled as "Nightmare" and "Virus". The synthetic cannabinoids labeled "Nightmare" and "Virus" contained AB-CHMINACA, a controlled substance. The individuals who received the box then traveled back to Arizona.

All in violation of Title 18, United States Code, Section 1952 and 371.

**FORFEITURE ALLEGATION**

Upon conviction of one or more of the controlled substance offenses alleged in Counts One and Two of the Indictment, defendants, Naji Abdalkhaleq, Majdi Khaleq, and ███████████████████ shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, all right, title, and interest in (1) any property, real or personal, constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the said violations, and (2) any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of the said violations.

The property to be forfeited includes, but is not limited to:

a. A 2001 Lexus LS4, VIN: JTHBN30FX10007750, and

b. A sum of money equal to the amount of proceeds obtained as a result of the offenses for which the defendants are jointly and severally liable.

Upon conviction of the offenses as alleged in Counts Three and Four of the Indictment, the defendants, Naji Abdalkhaleq, Majdi Khaleq, and ███████████ ███████, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to a sum of money equal to the amount of proceeds obtained as a result of the offenses.

Upon conviction of the offenses as alleged in Count Five of this Indictment, the defendants, Naji Abdalkhaleq, Majdi Khaleq, and ███████████████████ shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The

property to be forfeited includes, but is not limited to a sum of money equal to the amount of proceeds obtained as a result of the offenses.

If any of the forfeitable property, as a result of any act or omission of the defendants: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by the defendants.

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

Presiding Juror

JOHN S. LEONARDO
United States Attorney
District of Arizona

Assistant U.S. Attorney
Dated:

United States of America v. Naji Abdalkhaleq, et. al.
Indictment Page 8 of 8